381 P.2d 93

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Darrell Devere POULSON, Defendant and Appellant.**

**No. 9656.**

Supreme Court of Utah.

April 29, 1963.

2. Rule 8(c) Utah Rules of Civil Procedure.

214

William G. Fowler, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice.

Appeal from a conviction of murder in the first degree resulting in the imposition of the death penalty.

Defendant was tried upon a charge of murder committed in the perpetration of rape or burglary.[1] The victim was an 11-year-old girl. It is not contended that the defendant did not rape and murder the young girl, and therefore, it is not necessary to relate the details thereof. Suffice it to say that the defendant entered the dwelling where the victim was serving as a "baby-sitter," raped and killed her. Defendant's sole defense was that of not guilty by reason of insanity.

Considerable evidence was introduced by the defendant regarding his sanity or mental condition. This evidence consisted of the testimony of psychiatrists, psychologists and school heads (one of whom was the superintendent of a mental institution in which the defendant had once been confined). Also introduced were the defendant's school and juvenile court records.

The State, in rebuttal to the foregoing, utilized the testimony of two psychiatrists and one psychologist.

1. 76-30-3, U.C.A.1953:

■ The evidence so adduced certainly presented a question of sanity or insanity to be determined by the jury. And the question was presented to them, but defendant now claims that it was not submitted to them under proper instructions.

First, the defendant contends that the jury, under the instructions given to it, had only two choices—finding defendant guilty of murder in the first degree or not guilty by reason of insanity. He complains that the jury was not instructed on lessor included offenses. It is his position that his mental condition, as shown by the evidence, was such that he could not entertain the required specific intent to commit the crime charged—particularly with reference to the burglary portion thereof.

■ The trouble with this position is that defendant did not request any instructions on lesser included offenses, and it is apparent from the record that he did not desire them—choosing rather to submit the case to the jury on an "all or nothing" basis.[2]

■ Defendant assigns as error the lower court's refusal to give to the jury the following requested instruction:

"If you believe beyond a reasonable doubt that the Defendant killed Karen Mechling, but if you believe that at the time he was insane, in that he was suffering from a diseased or defective mental condition, and that the killing was a product of such mental abnormality, then it is your duty to acquit him of the crime charged."

The foregoing instruction is patterned after the so-called "Durham Rule."[3]

The lower court, in submitting the issue of insanity to the jury, gave the following instruction:

"The term 'insane' as used in these instructions means such a perverted and deranged condition of a person's mental faculties as to render him either incapable of distinguishing between right and wrong, or incapable of knowing the nature of the act he is committing; and where he is conscious of the nature of the act he is committing and able to distinguish between right and wrong and knows that the act is wrong, yet his will, that is, the governing power of his mind, has been so completely destroyed that his actions are not subject to it, but are beyond his control.

2. State v. Mitchell, 3 Utah 2d 70, 278 P. 2d 618.

3. Durham v. United States, 94 U.S.App. D.C. 228, 214 F.2d 862, 45 A.L.R.2d 1430 (1954).

"Temporary insanity, as well as insanity of longer duration, is recognized by the law.

"A mere lack of moral restraints leading to a surrender to criminal thoughts and actions is not in legal contemplation sufficient to find a person insane."

The foregoing instruction is patterned after the rule promulgated in M'Naghten's Case [4] as the legal test of insanity and the "irresistible impulse" test approved by this court in State v. Green.[5]

The author of this opinion has read many of the innumerable articles found in legal periodicals, medical and scientific journals relating to the relative merits or demerits of the M'Naghten and Durham rules. Suffice it to say that one can find considerable authority to substantiate either rule or any compromise between them. Also, the legal decisions relating to the problem have been carefully examined.

Since the Durham decision in 1954 several federal courts have adopted the rule

therein set forth. However, not a single state has seen fit to reject the M'Naghten rule in favor of the Durham rule.[6] The most recent state decisions have expressly rejected the Durham rule and the proposed rule of the American Law Institute [7] and reaffirmed M'Naghten.[8] The numerical division of court-decided cases is certainly not a controlling factor in our decision, but we do believe that the recent state decisions are the most persuasive under present-day circumstances.

The instruction, as given by the lower court, embodies both the M'Naghten rule and the so-called "irresistible impulse" test. Such an instruction adequately protected the interests of the defendant, and we are not persuaded to adopt in lieu thereof either the Durham [9] rule or the rule proposed by the A.L.I.

Finally, defendant claims that the closing argument by one of the State's prosecutors was so inflammatory as to constitute prejudicial error. We have carefully examined this argument and, while finding it to be rather emotional and unnecessary, do not

4. 10 Cl. & Fin. 200, 8 Eng.Rep. 718 (H.L. 1843).
5. 78 Utah 580, 6 P.2d 177 (1931).
6. Comment, Criminal Law—Insanity—M'Naghten v. Durham, 35 Colo.L.Rev. 274.
7. Am.Law Institute, Model Penal Code, Tentative Draft No. 4, Sec. 4.01 (1955).

8. See e. g. Dare v. State, Okl.Cr., 378 P. 2d 339; State v. White, 374 P.2d 942 (Wash.1962); Chase v. State, 369 P.2d 997 (Alaska, 1962); Newsome v. Com., (Ky.Ct.App.) 366 S.W.2d 174.
9. For a comprehensive and able criticism of the Durham rule, see the concurring opinion of Judge Burger, Blocker v. United States, 110 U.S.App.D.C. 41, 288 F.2d 853 (1961).

deem it to have prejudiced the jury in its deliberations.

Affirmed.

HENRIOD, C. J., and WADE, J., concur.

McDONOUGH, J. concurs in the result.

CROCKETT, Justice (concurring).

I concur upon the basis, that under any of the various views, the instruction which was given on insanity adequately and properly protected the interests of the defendant. Compare our statement, through Chief Justice Henriod, in State v. Kirkham, 7 Utah 2d 108, 319 P.2d 859.

I suggest that an instruction covering the same elements might be given as follows:

A person is not responsible for his criminal conduct if at the time he is so affected with mental disease or deficiency that he lacks the capacity to appreciate his conduct is wrong in the sense that it is condemned by morals or law; or is incapable of knowing the nature of the act he is committing; or even though he may know the nature of the act and that it is wrong, yet, by reason of such a mental disease or deficiency, he is under an irresistible compulsion which compels him to perform the unlawful act.