392 P.2d 39

The STATE of Utah, Plaintiff and Respondent,

v.

Leno MARTINEZ, Defendant and Appellant.

No. 10031.

Supreme Court of Utah.

May 11, 1964.

Gordon Hoxsie, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

WADE, Justice.

A complaint was filed in the Ogden City Court on December 13, 1962, charging defendant Martinez, appellant here, with burglary in the second degree, a felony. Defendant waived preliminary hearing and an information for that offense was filed in the Weber County District Court, and the court appointed counsel for defendant. Later, on December 27, 1962, another attorney appeared for defendant, and among other things, asked and was granted a continuance to investigate defendant's sanity.

On January 8, 1963, defendant pleaded "Not Guilty" to the information and later the case was set for trial for March 27, 1963. At the trial on that date defendant's present counsel appeared for him for the first time and asked leave to change his plea to "Not Guilty By Reason Of Insanity," and further asked for a continuance for time to investigate this claim.

The court refused the continuance because the jury was present and ready for the trial, and no previous request for such continuance had been made, and the court also ordered that the previous attorney be brought in to try the case. Thereupon the present attorney withdrew his motion for continuance and the court indicated that the defendant could develop the question of defendant's sanity during the trial. The trial proceeded and the jury found defendant guilty. The questions raised are: (1) Did the court arbitrarily refuse a continuance to investigate defendant's sanity? (2) Does newly discovered evidence on defendant's sanity require a new trial?

Section 77–22–16, U.C.A.1953 provides that a defendant who proposes to offer evidence that he is not guilty by reason of insanity, shall within 10 days after arraignment "but not less than four days before the trial" serve "notice in writing of his intention to claim such defense." And Section 77–24–17, U.C.A.1953 requires that when "defendant gives notice of the defense of insanity, the court must select and appoint two alienists to examine the defendant and investigate his sanity."

▉ On December 27, 1962, defendant's previous attorney, by written motion, asked for time to investigate the question of defendant's sanity, stating that he had retained a qualified physician psychiatrist who wished more time for such investigation. Additional time was then granted. The case was later set for trial on March 27, 1963, three months after the motion for additional time was made. However, no further motion or request for continuance was made until the morning of the trial. At that time with other motions defendant moved the court to allow additional time to consider and change his plea to "Not Guilty By Reason of Insanity." This the court refused because the jury was present and no notice of the defense of insanity had been given, as required by Sections 77–22–16 and 77–24–17, above referred to, although defendant's previous counsel had been investigating insanity for at least three months. Under this state of facts, no abuse of discretion by the trial court was shown in refusal of the continuance.

▉ There was no showing of newly discovered evidence on the question of insanity, which requires a new trial. The evidence shows that the alienist now relied on for such evidence as to his sanity is the same one who was investigating defendant's sanity for the defendant's previous attorney, and there is no showing that the alienist made any new discoveries after the trial.[1] Nor is there any showing that the alienist's testimony would claim insanity of the defendant, which would meet the

---

1. Sec. 77–38–3(7), U.C.A.1953; State v. Weaver, 78 Utah 555, 6 P.2d 167.

requirements for such a defense as this court requires on that ground.[2]  Judgment is affirmed.  No costs assessed.

HENRIOD, C. J., and McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.

2.  State v. Kirkham, 7 Utah 2d 108, 319 P.2d 859; State v. Poulson, 14 Utah 2d 213, 381 P. 2d 93.