397 P.2d 70

STATE of Utah, Plaintiff and Respondent,

v.

Darrel Devere POULSON, Defendant and Appellant.

No. 10208.

Supreme Court of Utah.

Dec. 7, 1964.

Wm. G. Fowler, Salt Lake City (appointed by court), for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice.

On December 14, 1961, defendant Darrell Devere Poulson was convicted of murder in the first degree. That conviction was affirmed by this Court.[1]

On May 8, 1964, defendant filed with the district court a Petition for a Writ of Coram Vobis on the ground that failure of the three duly appointed alienists to fully and independently examine the defendant constituted a substantial and material denial of due process of law.

At a hearing called to consider the petition the three appointed alienists, Dr. Carl Kivler, Dr. Louis A. Moench, and Dr. C. H. Hardin Branch, testified.

Dr. Kivler testified that after he had completed his examination of the defendant, having examined him on five or six occasions, and after he had reached his own decision in evaluating the case, he received a copy of a letter from Dr. Moench. The

---

1. State v. Poulson, 14 Utah 2d 213, 381 P.2d 93 (1963).

letter was also addressed to Dr. Branch and, as he recalled, contained Dr. Moench's evaluation of the case which in general agreed with his evaluation. He also stated that he did not change his opinion of the case after receiving the letter, and he did not remember whether anything in the letter differed from his opinion.

Dr. Moench testified that he had examined the defendant on one occasion, that he had forwarded to the other alienists a note and details of his examination of the defendant. He stated that he had received information from both Dr. Kivler and Dr. Branch, had familiarized himself with it, but did not change his opinion as to the degree of mental retardation because of information received from any other source, and his testimony in earlier proceedings was not based upon information from other sources.

Dr. Branch testified that he did not testify at the original trial, that he had examined the defendant on one occasion, that he had not communicated with Dr. Kivler but had communicated with Dr. Moench. He acknowledged receipt of a typewritten note from Dr. Moench. He stated that information he received from Dr. Ija Korner, defense counsel's expert witness, and Dr. Moench "contributed in one way or another" to his final report.

The district court denied the Petition for a Writ of Coram Vobis.

Defendant appeals.

■ Both Dr. Kivler and Dr. Moench testified that they did not change their opinion of the case upon receipt of information from the other alienists. The record of the hearing shows that the opinion of both doctors as to the mental condition of the defendant was based on full, separate, and independent examinations of the defendant. We need not decide whether a Coram Vobis Petition would have been granted had defendant shown that communications between the alienists contributed to their opinions as to the mental condition of the defendant. Communication between alienists which does not contribute to the opinion of the alienists as to the mental condition of the defendant is not grounds for a Coram Vobis Petition.

■ As Dr. Branch did not testify at the original trial it is immaterial as to the reasons upon which his findings were based.

Affirmed.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and WADE, JJ., concur.