STATE of Utah, Plaintiff and Respondent,

v.

Rudy DOMINGUEZ, Defendant and Appellant.

No. 14703.

Supreme Court of Utah.

May 12, 1977.

---

Michael R. Jensen, Frandsen & Keller, Price, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

Defendant appeals from a conviction by a jury and judgment thereon of the crime of aggravated assault, a felony, from the District Court of Carbon County, State of Utah. Counsel for the defendant (herein "counsel") was appointed by the District Court on March 18, 1976, prior to preliminary hearing in this case, and on April 15, 1976, counsel notified the prosecution that the defendant would assert the defense of insanity. On June 14, 1976, the District Court held a hearing at the request of the defendant at which counsel informed the Court that defendant wished to represent himself. After questioning the defendant at length, said Court ordered counsel released and then, with the consent of the defendant, counsel was requested by the Court to act as standby counsel at the trial. On June 21, 1976, one day before the trial, a further hearing was held at which the court again questioned the defendant at length concerning his desire to represent himself. Being fully satisfied that the defendant voluntarily waived his right to counsel, the Court granted permission for defendant to appear pro se (with counsel still remaining as standby counsel).[1]

The defendant, through his counsel, prosecuted this appeal making two assignments of error: (1) that the District Court erred in permitting defendant to represent himself at the trial and (2) that the Court erred by failing to instruct the jury properly on the defense of insanity.

Concerning the first assignment of error, defendant claims he was not competent to represent himself. It is well settled that, though an accused has a fundamental right to counsel at a criminal trial, he also has a fundamental right to represent himself.[2] As the United States Supreme Court said in *Faretta*:

Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."

---

1. It is noted that counsel at the trial of this matter was active and helpful in his standby capacity.

2. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *State v. Penderville*, 2 Utah 2d 281, 272 P.2d 195; Utah Constitution, Art. 1, Sec. 12; Utah Code Annotated, Sec. 77–1–8(1) (1953).

A review of the transcript of the June 14 and June 21 hearings shows that the defendant was fully advised of his right to counsel and of the dangers and disadvantages of proceeding without the aid of an attorney. The District Court was meticulous in its questioning of the defendant and went to great lengths to explain the trial procedure and what would be expected of the defendant at the trial. The transcript indeed demonstrates that the defendant competently, intelligently and voluntarily waived his right to counsel.[3]

■ Concerning the second major assignment of error, the essence of defendant's contention is that the District Court failed to properly instruct the jury on the defense of insanity in that the Court did not recite in its instruction the language of the Utah Law, enacted in 1973, that the defendant "lacked *substantial capacity* [to] *appreciate* the wrongfulness of his conduct . . ."[4] (Emphasis added). The District Court gave an extensive instruction on insanity that was apparently based *primarily* on a combination of the McNaghten Rule and the "irresistible impulse" test.[5]

This combination test has consistently been approved by this Court since *Green* regarding the instructions on the defense of insanity. In 1963,[6] this court stated:

> The instruction . . . embodies both the McNaghten rule and the so-called "irresistible impulse" test. Such an instruction adequately protected the

interests of the defendant, and we are not persuaded to adopt in lieu thereof either the Durham rule or the rule proposed by the A.L.I.

By enacting the "substantial capacity" test in 1973, the Utah Legislature adopted verbatim the A.L.I. (American Law Institute) rule an insanity as set forth in the Model Penal Code, Section 401 (1962 Proposed Official Draft).

The defendant urges that Sec. 76–2–305, supra, is more aidful to him concerning the defense of insanity than the combination test because the former only requires defendant to lack *substantial capacity* to *appreciate* the wrongfulness of his conduct whereas the latter requires *complete impairment* of cognitive capacity to *know* this wrongfulness.

Assuming without deciding, that generally the combination test mandates an interpretation of totality or completeness in impairment of capacity, and therefore deprives the defendant of the less stringent test of lack of substantial capacity, in this case defendant can not claim any benefit of this distinction because the District Court gave as part of its instruction that insanity can exist when the defendant is "irresponsible or *partly* irresponsible". (Emphasis added). Total impairment of capacity was therefore not required in this case.

We do not wish to imply in this opinion that a defendant in a criminal case is not

---

3. ". . . whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." *Faretta*, supra.

4. Section 76–2–305, Utah Code Annotated (1975 Supplement) in its entirety states: "Mental disease or defect. (1) In any prosecution for an offense, it shall be a defense that the defendant, at the time of the proscribed conduct, as a result of mental disease or defect, lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law. (2) As used in this section, the terms 'mental disease' or 'defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

5. This combination test was initially approved by this Court in *State v. Green*, 78 Utah 580, 597, 6 P.2d 177, 184 (1935), where it was stated that in a criminal case the defendant ". . . would be entitled to an acquittal if at that time (i. e., the time of the shooting and killing) he was . . . insane to such an extent that he either (1) did not know the nature of his act . . . or (2) that when he fired the shot (which killed) he did not know it was wrong in the sense that such act was condemned by morals or law; or (3) that he was unable by reason of mental disease to control his actions or impulses to injure or kill . . ."

6. *State v. Poulsen*, 14 Utah 2d 213, 381 P.2d 93 (1963).

 

entitled to an instruction on the defense of insanity based on Sec. 76–2–305, supra. He is. We hold only in this case after reviewing the rather lengthy instruction given that there was substantial compliance with it.

Other matters which are corollary to the major assignments of error are without merit and hence not discussed in this opinion.

Affirmed.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.